**BOSSÉ ROLLMAN PC**
3507 NORTH CAMPBELL AVENUE, SUITE 111
TUCSON, ARIZONA 85719   520.320.1300

Kevin J. Kristick SB#033070
kristick@bosserollman.com
Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Heather Lappin,<br><br>    Plaintiff,<br><br>- vs -<br><br>Sheriff Chris Nanos, in his official capacity as Pima County Sheriff,<br><br>    Defendant. | No. 4:25-cv-00528-JAS-JR<br><br>**ANSWER** |

Defendant Sheriff Chris Nanos, in his official capacity as Pima County Sheriff, answers the Complaint as follows:

### JURISDICTION AND VENUE

1. Defendant admits ¶ 1 of the Complaint, and affirmatively alleges the wrongdoing claimed in the Complaint did not occur.

2. Answering ¶ 2 of the Complaint, Defendant admits jurisdiction is proper before this Court, and affirmatively alleges the wrongdoing claimed in the Complaint did not occur.

3. Answering ¶ 3 of the Complaint, Defendant admits venue is proper before this Court, and affirmatively alleges the wrongdoing claimed in the Complaint did not occur.

4. Defendant denies ¶ 4 of the Complaint, and affirmatively alleges Plaintiff presented a Notice of Claim dated March 20, 2025 to Defendant before April 28, 2025.

5. Defendant admits ¶ 5 of the Complaint.

6. Defendant denies ¶ 6 of the Complaint, and affirmatively alleges the Complaint contains alleged wrongdoing that is time barred.

….

## PARTIES

7. Defendant admits ¶ 7 of the Complaint.

8. Defendant admits ¶ 8 of the Complaint, and affirmatively alleges the wrongdoing claimed in the Complaint did not occur.

9. Defendant denies ¶ 9 of the Complaint.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Defendant denies ¶ 10 of the Complaint and affirmatively alleges Plaintiff joined Pima County Sheriff's Department ("PCSD") on December 26, 2004.

11. Answering ¶ 11 of the Complaint, Defendant admits Plaintiff was formerly the Training Section Commander within PCSD which included overseeing training of PCSD deputies and denies remaining allegations.

12. Answering ¶ 12 of the Complaint, Defendant is without information or knowledge sufficient to form a belief about the truth as to the allegations and therefore denies the same.

13. Defendant admits ¶ 13 of the Complaint and affirmatively alleges the selection of Plaintiff to serve as Wellness Section Commander was made after consultation with Capt. Reis and Chief Janes.

14. Answering ¶ 14 of the Complaint, Defendant admits Plaintiff filed a Statement of Interest form with the Pima County Elections Department and is without information or knowledge sufficient to form a belief about the truth as to the remaining allegations and therefore denies the same.

15. Answering ¶ 15 of the Complaint, Defendant admits Plaintiff notified Capt. Reis by phone of her decision to run for office, but Defendant does not recall being personally notified by Plaintiff that day.

16. Defendant denies ¶ 16 of the Complaint.

….

### A. Sheriff Nanos and PCSD leadership's false assignment of blame and a punitive transfer of duties arising from a minor training instructor adjustment.

17. Defendant denies ¶ 17 of the Complaint.

18. Answering ¶ 18 of the Complaint, Defendant admits Plaintiff was aware of Lt. Krygier's planned absence for a significant portion of the General Instructor Training School and is without information or knowledge sufficient to form a belief about the truth as to the remaining allegations and therefore denies the same.

19. Answering ¶ 19 of the Complaint, Defendant admits Plaintiff may have previously taught portions of the General Instructor school and denies the remaining allegations. Defendant affirmatively alleges Plaintiff should not have agreed to cover a portion of the Master Instructor's part of the course, knowing the Master Instructor would not be present, violating requirements set by the Arizona Peace Officer Standards and Training Board which Plaintiff has admitted was improper and should not have been done.

20. Defendant admits ¶ 20 of the Complaint.

21. Answering ¶ 21 of the Complaint, Defendant admits Plaintiff texted with Capt. Reis in September 2023 regarding Plaintiff covering a portion of the General Instructor School and that Plaintiff was not a master instructor, and affirmatively alleges Plaintiff told Capt. Reis that Lt. Krygier would be overseeing the instruction and signing off on the applicable certificates. Defendant further alleges that the text message Plaintiff sent Capt. Reis did not state Lt. Krygier would not be present, violating requirements set by the Arizona Peace Officer Standards and Training Board which Plaintiff has admitted was improper and should not have been done.

22. Answering ¶ 22 of the Complaint, Defendant admits Plaintiff texted with Capt. Reis in September 2023 regarding Plaintiff covering a portion of the General Instructor School and that Plaintiff was not a master instructor, denies remaining allegations, and affirmatively alleges Plaintiff told Capt. Reis that Lt. Krygier would be overseeing the instruction and signing off on the applicable certificates. Defendant further alleges that the

text message Plaintiff sent Capt. Reis did not state Lt. Krygier would not be present, violating requirements set by the Arizona Peace Officer Standards and Training Board which Plaintiff has admitted was improper and should not have been done.

23. Defendant denies ¶ 23 of the Complaint.

24. Answering ¶ 24 of the Complaint, Defendant admits Capt. Christy Anderson sent an email to 23 recipients informing them AZPOST would not certify the course because necessary accommodations were not made to ensure compliance with AZPOST for Lt. Krygier's absence and denies remaining allegations.

25. Defendant denies ¶ 25 of the Complaint.

26. Answering ¶ 26 of the Complaint, Defendant admits he signed a Letter of Counseling to Plaintiff dated October 30, 2023 ("LOC"), affirmatively alleges the LOC speaks for itself, and denies the remaining allegations.

27. Answering ¶ 27 of the Complaint, Defendant alleges Plaintiff signed for receipt of the LOC on November 6, 2023 and denies the remaining allegations.

28. Defendant denies ¶ 28 of the Complaint.

29. Answering ¶ 29 of the Complaint, Defendant admits Plaintiff was reassigned to the Pima County Adult Detention Complex in November 2023.

30. Defendant denies ¶ 30 of the Complaint.

31. Defendant denies ¶ 31 of the Complaint.

32. Defendant denies ¶ 32 of the Complaint.

**B.      Routine contact with reporter John Washington in July 2024.**

33. Answering ¶ 33 of the Complaint, Defendant denies the transfer was abrupt, and is without information or knowledge sufficient to form a belief about the truth as to the remaining allegations and therefore denies the same.

34. Answering ¶ 34 of the Complaint, Defendant is without information or knowledge sufficient to form a belief about the truth as to the allegations and therefore denies

the same.

35. Answering ¶ 35 of the Complaint, Defendant admits PCSD Public Information Officer notified Plaintiff that reporter John Washington wished to speak to inmates and denies the remaining allegations.

36. Defendant admits ¶ 36 of the Complaint.

37. Answering ¶ 37 of the Complaint, Defendant admits Plaintiff may have discussed the matter with Lt. Hamilton and denies the remaining allegations.

38. Answering ¶ 38 of the Complaint, Defendant admits Plaintiff may have discussed the matter with Lt. Hamilton and denies the remaining allegations.

39. Answering ¶ 39 of the Complaint, Defendant admits Plaintiff met with inmates and discussed the journalist's requests, denies guidance was given, and is without information or knowledge sufficient to form a belief about the truth as to the remaining allegations and therefore denies the same.

40. Answering ¶ 40 of the Complaint, Defendant is without information or knowledge sufficient to form a belief about the truth as to the allegations and therefore denies the same.

41. Answering ¶ 41 of the Complaint, Defendant admits Mr. Washington texted Plaintiff and affirmatively alleges the text message speaks for itself.

42. Answering ¶ 42 of the Complaint, Defendant is without information or knowledge sufficient to form a belief about the truth as to the allegations and therefore denies the same.

43. Answering ¶ 43 of the Complaint, Defendant is without information or knowledge sufficient to form a belief about the truth as to the allegations and therefore denies the same.

44. Defendant admits the first sentence of ¶ 44 of the Complaint and denies the remaining allegations.

….

### C. Retaliatory and baseless administrative leave in October 2024.

45. Answering ¶ 45 of the Complaint, Defendant admits the first sentence and that Sergeant Cross supported Plaintiff, and is without information or knowledge sufficient to form a belief about the truth as to the remaining allegations and therefore denies the same.

46. Defendant denies ¶ 46 of the Complaint, as further described in the Declarations of Defendant and Capt. Juan Carlos Navarro filed as Documents 8-1 and Doc. 8-5, respectively, in Cross, et al. v. Nanos, et al., District Court of Arizona Case No. 4:24-cv-00506-RCC. *See also* Order (Doc. 11) in the case referenced in the preceding sentence.

47. Answering ¶ 47 of the Complaint, Defendant admits he and PCSD received complaints from citizens and members within PCSD that Sergeant Cross was campaigning in uniform, as further described in the Declarations of Defendant and Capt. Juan Carlos Navarro filed as Documents 8-1 and Doc. 8-5, respectively, in Cross, et al. v. Nanos, et al., District Court of Arizona Case No. 4:24-cv-00506-RCC. *See also* Order (Doc. 11) in the case referenced in the preceding sentence.

48. Defendant admits ¶ 48 of the Complaint, as further described in the Declarations of Defendant and Capt. Juan Carlos Navarro filed as Documents 8-1 and Doc. 8-5, respectively, in Cross, et al. v. Nanos, et al., District Court of Arizona Case No. 4:24-cv-00506-RCC. *See also* Order (Doc. 11) in the case referenced in the preceding sentence.

49. Answering ¶ 49 of the Complaint, Defendant admits Sergeant Cross agreed to not dress as or appear in PCSD uniform while engaging in a political activity but affirmatively alleges he breached that agreement, disobeying a direct order from Capt. Navarro, as further described in the Declarations of Defendant and Capt. Juan Carlos Navarro filed as Documents 8-1 and Doc. 8-5, respectively, in Cross, et al. v. Nanos, et al., District Court of Arizona Case No. 4:24-cv-00506-RCC. *See also* Order (Doc. 11) in the case referenced in the preceding sentence.

50. Answering ¶ 50 of the Complaint, Defendant admits Sergeant Cross breached the agreement made in the prior paragraph, disobeyed a direct order, and on October 14,

2024, continued to dress or appear as in PCSD uniform while engaging in a political activity in violation of applicable law and policy, and was subsequently placed on administrative leave with pay, as further described in the Declarations of Defendant and Capt. Juan Carlos Navarro filed as Documents 8-1 and Doc. 8-5, respectively, in Cross, et al. v. Nanos, et al., District Court of Arizona Case No. 4:24-cv-00506-RCC. *See also* Order (Doc. 11) in the case referenced in the preceding sentence.

51.    Answering ¶ 51 of the Complaint, Defendant is without information or knowledge sufficient to form a belief about the truth as to the allegations and therefore denies the same.

52.    Answering ¶ 52 of the Complaint, Defendant admits Chief Lowing and Capt. Hill met with Plaintiff on October 14, 2024.

53.    Answering ¶ 53 of the Complaint, Defendant admits Chief Lowing asked Plaintiff questions from a prepared memorandum and Plaintiff provided answers thereto.

54.    Answering ¶ 54 of the Complaint, Defendant admits Plaintiff was not advised of representation or that she was under investigation during the meeting with Chief Lowing and Capt. Hill because at the time of the meeting Plaintiff was not under investigation.

55.    Answering ¶ 55 of the Complaint, Defendant admits Plaintiff was ordered to surrender her phone and denies the remaining allegations.

56.    Defendant admits ¶ 56 of the Complaint and affirmatively alleges Plaintiff received written notice of being placed on administrative leave with pay on October 15, 2024.

57.    Answering ¶ 57 of the Complaint, Defendant admits Chief Lowing did not give a basis for the placement on administrative leave with pay on October 14, 2024 but affirmatively alleges that Plaintiff did not ask for a basis and Chief Lowing asked Plaintiff if she had any questions to which she responded no and that she understood.

58.    Answering ¶ 58 of the Complaint, Defendant is without information or knowledge sufficient to form a belief about the truth as to the allegations and therefore denies

the same.

**D.     Sheriff Nanos' Defamatory Election-Eve Press Release.**

59.     Defendant denies ¶ 59 of the Complaint and affirmatively alleges PCSD issued a media release titled "PCSD IA Investigation" on October 15, 2024.

60.     Answering ¶ 60 of the Complaint, Defendant admits the press release states Sgt. Cross was placed on administrative leave with pay, as further described in the Declarations of Defendant and Capt. Juan Carlos Navarro filed as Documents 8-1 and Doc. 8-5, respectively, in Cross, et al. v. Nanos, et al., District Court of Arizona Case No. 4:24-cv-00506-RCC. *See also* Order (Doc. 11) in the case referenced in the preceding sentence.

61.     Defendant admits ¶ 61 of the Complaint.

62.     Answering ¶ 62 of the Complaint, Defendant admits the media release states that information available at the time appeared to show Plaintiff colluded with a journalist to facilitate payment to an inmate in exchange for a news story and, "due to the nature of the possible violations, referrals will be made to the Arizona Attorney General and the Federal Bureau of Investigation," and denies the remaining allegations.

63.     Defendant denies ¶ 63 of the Complaint.

64.     Defendant denies ¶ 64 of the Complaint.

65.     Answering ¶ 65 of the Complaint, Defendant admits Arizona Luminaria published an article titled "Jail reporting by Arizona Luminaria journalist targeted in sheriff election dispute" on October 16, 2024 regarding the media release and admits the quoted text of ¶ 65 of the Complaint is contained in the article.

66.     Defendant denies ¶ 66 of the Complaint.

**E.     Rules of Administrative leave and gag order.**

67.     Answering ¶ 67 of the Complaint, Defendant admits Capt. Anderson met with Plaintiff to inform her of placement on administrative leave with pay.

68.     Answering ¶ 68 of the Complaint, Defendant admits Plaintiff turned in her

badge, department issued firearm, and body armor vest upon placement on administrative leave with pay.

69. Answering ¶ 69 of the Complaint, Defendant admits Plaintiff was given a phone and told to remain available by phone at home during her assigned work hours.

70. Answering ¶ 70 of the Complaint, Defendant admits Plaintiff was told to check in with her immediate supervisor if she planned to not be available and ready to respond from home during the hours she was expected to be working or use time off as any other PCSD employee would, and denies remaining allegations.

71. Defendant denies ¶ 71 of the Complaint.

72. Answering ¶ 72 of the Complaint, Defendant admits Plaintiff could tell others she was placed on administrative leave with pay and affirmatively alleges she did so.

73. Defendant denies ¶ 73 of the Complaint.

**F.  Aftermath continued retaliatory employment actions, and retirement from PCSD.**

74. Defendant admits ¶ 74 of the Complaint.

75. Defendant denies ¶ 75 of the Complaint.

76. Answering ¶ 76 of the Complaint, Defendant admits Capt. Hill informed Plaintiff she was assigned back to the jail and that the investigation into her conduct was still ongoing.

77. Answering ¶ 77 of the Complaint, Defendant admits Plaintiff was assigned back to the jail and part of her initial duties was to review procedures and guidelines and shadow certain PCSD personnel.

78. Defendant admits ¶ 78 of the Complaint and affirmatively alleges Plaintiff's actions are the reason she had not returned to her prior, regular assignment.

79. Defendant denies ¶ 79 of the Complaint.

80. Answering ¶ 80 of the Complaint, Defendant admits the first sentence and denies the second sentence.

81. Defendant admits ¶ 81 of the Complaint.

82. Answering ¶ 82 of the Complaint, Defendant admits Plaintiff responded to the LOR, and during Capt. Hill's investigation he "discovered that [Plaintiff] did not facilitate payment for the interviews between the reporter and inmate … [and Plaintiff] received discipline for violating the policies on receiving prior authorization, making proper notification to the Pima County Attorney's Office, and completing the proper documentation of interviews between media sources and inmates."

83. Answering ¶ 83 of the Complaint, Defendant admits the first sentence per PCSD policy and is without information or knowledge sufficient to form a belief about the truth as to the remaining allegations and therefore denies the same.

84. Defendant admits ¶ 84 of the Complaint.

85. Defendant denies ¶ 85 of the Complaint and affirmatively alleges Plaintiff may have been interviewed as a witness for the number of internal affairs cases claimed but was not the subject of all investigations claimed.

86. Defendant denies ¶ 86 of the Complaint.

87. Defendant denies ¶ 87 of the Complaint.

## COUNT I

### (42 U.S.C. § 1983—First Amendment Retaliation)

### Defendant Sheriff Chris Nanos

88. Answering ¶ 88 of the Complaint, Defendant restates and reincorporates its responses to ¶¶ 1-87 of the Complaint as if fully stated herein.

89. Answering ¶ 89 of the Complaint, Defendant admits a public employee's bid for elective office receives First Amendment protection but that the protection is limited and not absolute.

90. Answering ¶ 90 of the Complaint, Defendant admits Plaintiff is a public employee who was a 2024 candidate for Pima County Sheriff.

91. Defendant denies ¶ 91 of the Complaint.

92. Defendant denies ¶ 92 of the Complaint.

93. Defendant denies ¶ 93 of the Complaint.

94. Defendant denies ¶ 94 of the Complaint.

95. Defendant denies ¶ 95 of the Complaint.

## COUNT II

### (42 U.S.C. § 1983—Due Process—Liberty Interest)

### Defendant Sheriff Chris Nanos

96. Answering ¶ 96 of the Complaint, Defendant restates and reincorporates its responses to ¶¶ 1-95 of the Complaint as if fully stated herein.

97. Answering ¶ 97 of the Complaint, Defendant admits Plaintiff has a liberty interest that is limited and not absolute and affirmatively alleges Plaintiff did not suffer a loss of employment or other tangible interest in addition to the claimed reputational harm.

98. Defendant denies ¶ 98 of the Complaint.

99. Defendant denies ¶ 99 of the Complaint.

100. Defendant denies ¶ 100 of the Complaint.

101. Defendant denies ¶ 101 of the Complaint.

102. Defendant denies ¶ 102 of the Complaint.

103. Defendant denies ¶ 103 of the Complaint.

## COUNT III

### (Common Law Defamation)

### Defendant Sheriff Chris Nanos

104. Answering ¶ 104 of the Complaint, Defendant restates and reincorporates its responses to ¶¶ 1-103 of the Complaint as if fully stated herein.

105. Defendant denies ¶ 105 of the Complaint.

106. Defendant denies ¶ 106 of the Complaint.

BOSSÉ ROLLMAN PC
3507 NORTH CAMPBELL AVENUE, SUITE 111
TUCSON, ARIZONA 85719   520-320-1300

107. Defendant denies ¶ 107 of the Complaint.

108. Defendant denies ¶ 108 of the Complaint.

109. Defendant denies ¶ 109 of the Complaint.

110. Defendant denies ¶ 110 of the Complaint.

## GENERAL DENIAL

111. Defendant denies each and every allegation of the Complaint not specifically responded to herein.

## FAILURE TO STATE A CLAIM

112. Defendant alleges that the Complaint fails to state a claim upon which relief can be granted.

113. Defendant alleges that the Complaint is brought against Defendant in his official capacity as Pima County Sheriff but does not allege that the claims resulted from a custom or policy. Counts I and II therefore fail to state a claim.

114. Defendant alleges that the Complaint fails to state a claim for the reason that placing someone on administrative leave with pay subject to an investigation is not discipline as defined in the applicable rules and does not create a specific duty to protect a person from the investigation.

115. Defendant alleges that the Complaint fails to allege a sufficient basis, reason for or amount of damages related to the damages requested.

116. Defendant alleges that the Complaint fails to allege a concrete and particularized injury necessary to establish Article III standing.

117. Defendant alleges that the Complaint fails to demonstrate standing separately for each form of relief sought.

118. Count I of the Complaint alleging interference with a communicative act is subject to a balancing of interests of Plaintiff's speech and the government's interest in operating PCSD. Count I does not describe speech or conduct that is entitled to First

Amendment protection. No facts are alleged, which if proven true would demonstrate Plaintiff was deterred or in any way interfered with regarding her participation in an election. Moreover, Defendant has the authority to make reassignments within PCSD and under A.R.S. § 11-441(A)(5), Defendant has the power and duty to deploy PCSD assets and personnel to take charge of and keep the county jail. The balancing of interests does not support the First Amendment claim.

119.   The Complaint fails to state a claim based upon a press release regarding commencement of an investigation pertaining to alleged failure to comply with Departmental policies and procedures for the reasons Plaintiff acknowledged applicable Departmental policies and procedures were violated, and the commencement of investigation did not in any way interfere with the conduct of a pending election.

120.   The Complaint fails to state a claim because Plaintiff did not suffer an adverse employment action. All discipline issued to Plaintiff was upheld.

121.   The Complaint fails to state a claim because Defendant's actions would not dissuade a reasonable public employee from engaging in the same protected activity. For example, Plaintiff continued with her elective bid. Moreover, Plaintiff's pending bid for election was not impaired and public support appeared to have increased.

122.   Count II alleging deprivation of a liberty interest based on reputational harm fails to state a federal claim for the reason Plaintiff did not suffer a loss of employment or other tangible interest in addition to reputational harm. Plaintiff's remedy, if any, is limited to state law claims.

123.   The Complaint fails to state a claim as it fails to allege that Plaintiff's speech was deterred or chilled.

124.   Count III fails to state a claim because it fails to allege Defendant had serious doubts as to whether the press release was true or false, or Defendant consciously disregarded whether it was true or false at time of issuance.

125. The Complaint fails to state a claim because there is no causal connection between the press release and/or discipline issued and upheld against Plaintiff and the claimed harm.

**AFFIRMATIVE DEFENSES**

126. Defendant is entitled to immunity to the extent he was acting in compliance with the standards of the Hatch Act, as amended, and/or established policies, regulations, and laws.

127. Defendant is entitled to immunity with respect to the state law claims based on A.R.S. § 12-820.01 for the reason that placing someone on administrative leave with pay subject to an investigation conducted in accordance with the rules and policies adopted by the PCSD involve the exercise of an administrative function involving the determination of fundamental governmental policy.

128. Claims fail under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) ("*Monell*") unless Plaintiff can demonstrate an unconstitutional custom and policy. No unconstitutional custom and policy is alleged in the Complaint and therefore the claims fail under *Monell*.

129. Plaintiff's speech rights under the First Amendment as a public employee are not absolute but are limited.

130. The First Amendment does not protect a political candidate from criticism or allegations of misconduct which may have occurred in the course of public employment. Consequently, if the potential misconduct is of a level warranting investigation, an investigation must be done.

131. Placing Plaintiff on administrative leave with pay is not discipline.

132. Placing Plaintiff on administrative leave with pay pending an investigation for failure to comply with policies and procedures Plaintiff admits were not complied with does not violate a clearly established right to be free of such an investigation and Defendant is

therefore entitled to qualified immunity.

133. Plaintiff has suffered no financial loss or other injury.

134. There have been no adverse or retaliatory employment actions against Plaintiff.

135. Defamation without loss of tangible interest such as employment does not constitute deprivation of liberty interest. *See Paul v. Davis*, 424 US 693, 701-702 (1976).

136. If the Complaint is construed to assert a claim against Defendant in his personal capacity, Defendant is protected by qualified immunity under *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) for the reason that a public employee does not have a clearly established right to be protected from adverse employment actions alleged in complaint or official employer statements disputed by employee.

137. The press release on October 15, 2024 was not a statement of facts that wrongful conduct occurred, only that an investigation was ongoing. The statements made were true and even to the extent it may be alleged that inaccuracies can be found, the statement remains substantially true and would not appear to others to be defamatory. Plaintiff's defamation claim does not allege that Defendant knew statements alleged to be false were in fact false or that Defendant acted in reckless disregard of whether the statements were true or false. The applicable standard of proof for Count III is a clear and convincing standard.

138. Plaintiff failed to mitigate damages, if any, by not returning to work or requesting a retraction of the statements alleged in the press release to be defamatory.

139. To the extent Plaintiff suffered harm, which Defendant disputes, such harm was incurred solely by virtue of losing an election and not because of Defendant's action or inaction.

140. Plaintiff's claims are subject to the defenses of issue preclusion and claim preclusion for the reason that Plaintiff sought and received administrative review through a Grievance Committee of Plaintiff's PCSD peers selected under applicable Pima County Law

Enforcement Merit System Rules. The Committee found: (1) Plaintiff violated Departmental rules, policies, and procedures after conducting interviews and reviewing relevant documents, (2) Plaintiff admitted she violated policy, was accountable, and would do things differently in hindsight, and (3) the discipline issued to Plaintiff was "taken for cause to correct inappropriate performance or other work-related behavior, after appropriate application of progressive discipline. The degree of disciplinary action is related to the gravity of the improper performance or conduct and the past performance and conduct of the employee." Consequently, the Grievance Committee recommended the discipline remain as issued. The conclusion of the Grievance Committee was reviewed by Pima County Administration and accepted as proper under applicable Law Enforcement Merit System Rules.

141. Defendant may discover other affirmative defenses as this matter proceeds and reserve the right to assert those affirmative defenses at that time. Therefore, Defendants allege each and every defense available under FED. R. CIV. P. 8(c) to the extent such defense may become applicable as disclosure and/or discovery proceeds.

### **ATTORNEY'S FEES**

142. Defendant is entitled to recover attorney's fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, having fully answered the Complaint, Defendant requests:

A. The Complaint be dismissed with prejudice;

B. Defendant is awarded his reasonable attorney's fees and costs incurred; and

C. For such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED October 21, 2025.

BOSSÉ ROLLMAN PC

By: /s/ Kevin J. Kristick
Kevin J. Kristick
Attorneys for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that, on October 21, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Timothy P. Stackhouse
MILLER, PITT, FELDMAN & MCANALLY, P.C.
Suite 1000
One South Church Avenue
Tucson, Arizona 85701
tstackhouse@mpfmlaw.com
Attorneys for Plaintiff


By: /s/ Bille Jo Labby