**MILLER, PITT, FELDMAN & MCANALLY, P.C.**
One South Church Ave., Suite 1000
Tucson, Arizona 85701
Timothy P. Stackhouse, AZ State Bar No. 30609
Phone: (520) 792-3836
Fax: (520) 624-5080
tstackhouse@mpfmlaw.com
Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Heather Lappin, <br><br> Plaintiff, <br><br> - vs - <br><br> Sheriff Chris Nanos, in his official capacity as Pima County Sheriff, <br><br> Defendant. | Case No.: CV-25-528-TUC-JAS <br><br> **JOINT RULE 26(F) CASE MANAGEMENT REPORT** <br><br> Judge Jacquline M. Rateau |

Pursuant to the Court's Order (Doc. 11), the Parties hereby submit this Rule 26(f) Case Management Report.

**1. The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report**

Timothy P. Stackhouse for the Plaintiff.

Kevin J. Kristick for the Defendant.

**2. A list of the parties in the case, including any parent corporations or entities (for recusal purposes)**

Plaintiff: Heather Lappin

1

Defendant: Chris Nanos in his official capacity as Pima County Sheriff

**3.  A short statement of the nature of the case**

Plaintiff Heather Lappin is a retired lieutenant deputy with the Pima County Sheriff's Department ("PCSD"). On September 21, 2023, Lieutenant Lappin filed her statement of interest with the appropriate county department to run for Pima County Sheriff against the current Sheriff, Defendant Chris Nanos. Lappin alleges that Sheriff Nanos began a series of retaliatory acts against her due to her candidacy challenging him, in violation of her First Amendment rights and Due Process liberty interest in her reputation and standing among the community. Lappin further alleges that Sheriff Nanos defamed her by making false, disparaging comments. Sheriff Nanos denies all wrongdoing alleged, including but not limited to that the actions taken were adverse employment actions done in retaliation for Lappin running against him for Sheriff, that he violated Lappin's liberty interest, and that he defamed Lappin.

Sheriff Nanos contends Lappin's claims are not based on custom and policy and do not arise from a clearly established right. He further contends the claims therefore fail under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) and *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Sheriff Nanos contends he is entitled to immunity, including but not limited to state law claims under A.R.S. § 12-820.01 because placing Lappin on administrative leave with pay subject to an investigation conducted in accordance with PCSD rules and policies involve the exercise of administrative function and determination of fundamental governmental policy.

Sheriff Nanos further contends the statements and conduct Lappin disputes, were accurate, not defamatory or retaliatory, and therefore did not result in loss of a tangible interest

or violate Lappin's First Amendment speech rights. Further, Sheriff Nanos contends Lappin suffered no loss such as financial, tangible interest, or other injury and therefore no deprivation of liberty interest occurred. *See Paul v. Davis*, 424 US 693, 701-702 (1976).

Sheriff Nanos further contends the press release alleged to be defamatory was a statement of facts that an investigation was ongoing but not a statement that wrongful conduct had occurred. The claims alleged were subject to administrative review and remedies Lappin sought and received under applicable Pima County Law Enforcement Merit System Rules. During this administrative review, Lappin admitted violating policy and the review committee concluded Lappin violated rules, policies, and procedures and that the progressive discipline given was appropriate and should remain. Consequently, Sheriff Nanos contends Lappin's claims are barred by doctrines of issue and claim preclusion.

Sheriff Nanos further contends the claims alleged in the Complaint are subject to the balancing test contained in *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968) because they arise from alleged violations of PCSD rules and procedures. Sheriff Nanos is privileged to conduct investigations into such allegations. A.R.S. §§ 39-121 and 121.01 requires records of such investigations to be maintained and open to inspection by the public. Sheriff Nanos contends this balancing test does not elevate First Amendment rights over a public officer's performance of the duties of his office.

Lappin disputes Sheriff Nanos' contentions made in this Section 3.

**4.      The jurisdictional basis for the case, describing the basis for jurisdiction and citing specific jurisdictional statutes**

This Court has jurisdiction of Plaintiff's First Amendment and Due Process claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under 42 U.S.C. § 1983. This Court has supplemental jurisdiction over Plaintiff's common law claim under 28 U.S.C. § 1367.

**5. Any parties which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared**

All parties have been served and answered.

**6. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings**

The parties do not expect to add any additional parties or to amend the pleadings.

**7. A listing of contemplated motions and a statement of the issues to be decided by these motions**

The parties anticipate motions for summary judgment, to include but not be limited to issues related to whether the actions taken by Sheriff Nanos were adverse employment actions and done in retaliation for Lappin's candidacy, whether Lappin's candidacy was protected speech, whether Sheriff Nanos' statements were defamatory and violated Lappin's liberty interest in her reputation.

**8. Whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial**

This case is suitable for reference to a United States Magistrate Judge for a settlement conference.

This case is not suitable for reference to a United States Magistrate Judge for trial.

**9. The status of related cases pending before other courts or other judges of this Court**

The parties are not aware of any related cases.

**10.   A discussion of any issues relating to disclosure or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced**

The parties do not anticipate any issues relating to ESI.

**11.   A discussion of any issues relating to claims of privilege or work product**

The parties do not anticipate any issues relating to claims of privilege or work product.

**12.   A discussion of whether an order under the Federal Rules of Evidence 502(d) is warranted in this case**

The parties no not anticipate an order under FRE 502(d) is necessary.

**13.   A discussion of necessary discovery, including:**

**a. The extent, nature, and location of discovery anticipated by the parties**

The parties anticipate that discovery will be directed towards issues related to Lappin's claims, including but not limited to communications between the parties and other PCSD personnel, and any third parties, and towards employment documents, including contracts, compensation, job performance, and personnel files. Lappin contends most of the discovery is in the possession and control of Sheriff Nanos and in electronic form; however, specific discovery has not been requested yet and therefore Sheriff Nanos cannot confirm Lappin's contention at this time.

**b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure**

The parties request that more than 180 days be allowed for the completion of discovery, due to the complexity of issues, number of witnesses, and upcoming holidays.

**c. The number of hours permitted for each deposition**

7 hours.

14. **A statement of when the parties exchanged or will exchange Federal Rule of Civil Procedure 26(a) initial disclosures**

The parties will exchange initial disclosure statements on November 20, 2025.

15. **Proposed Deadlines:**

    a.    Fact Discovery:    **May 25, 2026**.

    b.    Plaintiff's expert disclosure:    **March 23, 2026**.

            Defendant's expert disclosure:    **April 20, 2026**.

            Plaintiff's rebuttal disclosure:    **May 11, 2026**

    c.    Expert Depositions:    **May 25, 2026**.

    d.    Settlement talks:    **March 2, 2026**.

    e.    Dispositive Motions:    **June 5, 2026**.

16. **Whether a jury trial has been requested an whether the request for a jury trial is contested**

A jury trial has been requested, and the request is not contested.

17. **The prospects for settlement, including any request of the Court for assistance in settlement efforts**

<u>Prior to initiating this lawsuit, the parties discussed settlement but no agreement was reached.</u> The parties do not anticipate a settlement prior to a ruling on dispositive motions. The

Court may assistant by ordering a settlement conference or private mediation at the appropriate time.

**18. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1**

No other matters.

Dated: November 19, 2025

| MILLER, PITT, FELDMAN & MCANALLY, P.C. | BOSSÉ ROLLMAN, PC |
|---|---|
| By: */s/Timothy P. Stackhouse*<br>Timothy P. Stackhouse<br>Attorneys for Plaintiffs | By: */s/Kevin Kristick*<br>Kevin Kristick<br>Attorney for Defendant |

### Certificate of Service

I hereby certify that on November 19, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

Kevin Kristick
BOSSE ROLLMAN PC
3507 North Campbell Avenue
Suite 111
Tucson, Arizona 85719

By: *Carolyn Saenz*